**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No. CV-21-02150-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Core Civic, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Review of Magistrate's Ruling/Order (Doc. 45), Motion for Review of Magistrate Order/with Objection (Doc. 51), and Motion for Review of Magistrate Judge's Order (Doc. 68). As all motions generally relate to the same discovery issue, so the Court will rule on all three here.

## I.     BACKGROUND

These three motions stem out of a prisoner civil rights complaint filed by Plaintiff Gerald Vaughn Gwen. Plaintiff sued Defendants CoreCivic, and other prison doctors and officers, claiming that he was placed in the prison's detention unit without due process. (*See* Doc. 1 at 5). He asserted that certain policies and procedures were not followed when he was placed in detention. (*Id.*). After discovery in the case had begun, Plaintiff filed a motion for sanctions alleging that defendants failed to comply with a court order and other rules related to interrogatories. (Doc. 33). Plaintiff asserted that defendants did not follow the applicable rules and court order relating to objections and responses to plaintiff's discovery requests. (Doc. 34). The magistrate judge denied the motion because Plaintiff

1    failed to confer in good faith with Defendants to attempt to resolve the dispute pursuant to

2    Federal Rule of Civil Procedure 37(a) and Local Rule 7.2(j). (*See id.* at 2); Fed. R. Civ. P.

3    37(a); LRCiv. 7.2(j). After filing a motion for Reconsideration, (Doc. 37), and a motion to

4    compel discovery and answers to interrogatories, (Doc. 38), the magistrate judge again

5    denied his motions for largely the same reasons. (*See* Doc. 41). Plaintiff filed an appeal of

6    that order with this Court entitled, "Motion for Review of Magistrate's Ruling/Order."

7    (Doc. 45). Construing this as a motion for reconsideration, Defendant's filed a notice of no

8    response. (Doc. 48). The magistrate judge, construing this as an objection to an order on a

9    non-dispositive issue, found that Defendants did not have to respond under Local Rule

10   7.2(g). LRCiv. 7.2(g). Plaintiff then appealed that determination, claiming that Defendants

11   had an obligation to respond because he had filed a motion for review, not a motion for

12   reconsideration. (Doc. 51). Finally, Plaintiff again filed a motion for sanctions because of

13   Defendant's alleged failure to comply with a court order and rules relating to discovery.

14   (Doc. 66). The magistrate judge denied the motion for sanctions because it was filed after

15   the deadline set in the scheduling order, and, construing it as a motion for reconsideration,

16   denied it because it was filed after the deadline set forth in Local Rule 7.2(g). (*See* Doc.

17   16); LRCiv. 7.2(g)(2).

18   **II.    LEGAL STANDARD**

19            Federal Rule of Civil Procedure Seventy-Two states that a district judge "must ...

20   modify or set aside any part of [an] ... order that is clearly erroneous or is contrary to law."

21   F.R.C.P. 72. Under Rule 72(a), for factual conclusions this Court must apply a clear error

22   standard. *See Adams v. Symetra Life Insurance Co.*, No. CV-18-00378, 2020 WL 6469949, *1

23   (D. Ariz. Nov. 3, 2020). This means that after a review of all the evidence that "the Court is left

24   with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*,

25   532 U.S. 234, 242 (2001). This is a very high standard that is only met when the factual error

26   committed is clear and obvious. As the Ninth Circuit noted, if the Magistrate Judge's findings are

27   "plausible in light of the record viewed in its entirety" this Court cannot reverse, "even if it is

28   convinced it would have found differently." *See Husain v. Olympic Airways*, 316 F.3d 829, 835

(9th Cir. 2002). Specifically in the context of discovery disputes, Magistrate Judges are "Afforded broad discretion," which can only be overruled when abused. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1.

For conclusions of law, however, the standard is de novo review. Rule 72(a) simply uses the phrase "contrary to law." *See* F.R.C.P. 72. Thus, this Court must engage in a de novo review of the underlying claim to assess whether the Magistrate Judge applied the incorrect law or applied the correct law inaccurately. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1 (noting that "[a] magistrate judge's legal conclusions are contrary to law when they omit or misapply the relevant law."); *See also* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

## III.   APPEALS OF THE MAGISTRATE JUDGE'S ORDERS

### a.   First Motion

In Plaintiff's first motion, he asserts, without any support, that his motion for sanctions and his motion to compel were not discovery related motions and therefore that the magistrate judge had no authority to rule on them. This Court finds that the motion was so related and thus could be decided by the magistrate judge. Plaintiff contends that the magistrate judge erred "in its determination that because Plaintiff (sic) motion for sanctions share a relationship with discovery rule (sic.) that are exclusive to discovery" that he had the authority to rule on them. (Doc. 45 at 7). He states that rather, sanctions are appropriate because Defendants failed "to comply with formal requirement of law, or that Defendant's" failed to truthfully answer an interrogatory. (*Id.*). As the magistrate judge correctly noted, however, all of Plaintiff's purported bases for sanctions related to discovery requests, interrogatories, and discovery related signature requirements. (*See* Doc. 41 at 3). Thus, Plaintiffs motion was related to discovery. Furthermore, under 20 U.S.C. § 636(b), Magistrate judge's do in most circumstances have the authority to hear and decide upon pretrial matters pending before the court, which includes matters relating to discovery. *See* 28 U.S.C. § 636(b). Consequently, the magistrate judge here had the authority to decide

this discovery issue.

Plaintiff also challenges the magistrate judge's order on the grounds that it was a dispositive motion, and therefore that the magistrate judge had no authority to rule on it. He only had the authority to issue a report and recommendation, Plaintiff contends. (*See* Doc. 45 at 2). While Plaintiff is correct that a magistrate judge has no authority to rule on a dispositive motion, in this case, the ruling was on a non-dispositive motion. This is because the magistrate judge denied the motion. Therefore, the magistrate judge had authority to issue a ruling. Under Local Rule 72.2, if a magistrate judge is inclined to grant a motion for sanctions for a discovery issue, he is limited to "filing a report and recommendation with the District Court ...." LRCiv. 72.2(a)(1). Yet a magistrate judge does have the authority to deny such a motion. *See id.* If a magistrate judge does deny such a motion, that action is within the referral authority of the magistrate. Because the magistrate judge denied Plaintiff's motion here, he was well within his authority to issue a ruling.

The magistrate judge ultimately denied Plaintiff's motion for sanctions and motion to compel because Plaintiff did not follow instructions related to discovery set forth in the Scheduling order. (*See* Doc. 41 at 1; 5). The scheduling order states that prior to bringing any motion to compel discovery or disclosure, or motion for sanctions, "**the parties must**: ... [c]onfer in good faith, in person, or by telephone, and attempt to resolve the dispute. (Doc. 16 at 7 (emphasis in original)). As the magistrate judge noted, Plaintiff only had written communications with defendant regarding the discovery dispute. (Doc. 41 at 5). Plaintiff did not even attempt to set up in person or telephonic discussions with Defendants. (*Id.*). Plaintiff responds that complying with this instruction is impossible because he is incarcerated. (Doc. 45 at 6). He further claims that he has a "right under Rule 37 ... to seek an order compelling discovery if a party fails to answer an interrogatory ...." (*Id.*). While it is true that Rule 37 does provide for a mechanism to compel discovery, this does not mean that the person seeking discovery is exempt from compliance with the terms of a scheduling order. And there has been no showing that compliance is impossible, because as the

magistrate judge noted, Plaintiff has not even attempted to set up a phone call or in person meeting to resolve the dispute. (Doc. 41 at 5). Consequently, it was well within the authority of the magistrate judge to deny both motions for failing to comply with the terms of the scheduling order. The magistrate judge's decision will therefore be upheld.

### b. Second Motion

In his second motion, Plaintiff claims that the magistrate judge erred by recategorizing his "motion for review as a motion for reconsideration ..." (Doc. 51 at 3). Plaintiff asserts that Defendants filed a "notice of non-response" under LRCiv. 7.2(g) after they misconstrued the motion for review by labeling it a motion for reconsideration. (*See* Doc. 51 at 3). Plaintiff alleges that he was filing a motion to respond under 28 U.S.C. § 636. (*See id.*). When the magistrate judge also misconstrued his motion, the magistrate judge allegedly prejudiced the Plaintiff in some way because Defendants did not have to respond. (*See id.*).

First, Section 636 simply lays out the general jurisdiction and powers of a magistrate judge. *See* 28 U.S.C §636. It says nothing about a "motion for review" or whether Defendants would have to respond to such a motion. Second, the magistrate judge did not construe Plaintiff's motion as a motion for reconsideration, but rather as an objection to an order of a magistrate judge on a non-dispositive matter. (*See* Doc. 49 at 1). The magistrate judge said that this construction was supported by language in the motion asking "for an order to set aside magistrate's order ..." (Doc. 45). This type of request is what an objection would seek to accomplish. Analyzing the motion under F.R.C.P. 72(a), the magistrate judge found that the rule did not provide for a response to the objection. Consequently, the magistrate judge correctly found that no response was required. The "notice of non-response" was filed with respect to Plaintiff's first motion, discussed above. There, the claim was that the magistrate judge did not have the authority to rule on the issue because it was dispositive. The magistrate judge found that the issue was non-dispositive under LRCiv. 72.2. This Court agrees with that analysis. Therefore, because the issue was non-dispositive, under F.R.C.P. 72(a), no response was required. The magistrate judge's

1    decision, then, will be upheld.

2         **c.  Third Motion**

3         Plaintiff's third motion is in response to the magistrate judge's denial of a second

4    motion for sanctions relating to the same discovery dispute. The magistrate judge denied

5    the motion because it was filed after the deadline for such motions set forth in the

6    scheduling order. (Doc. 67 at 1). The scheduling order stated that "all motions regarding

7    discovery and disclosure must be filed by **December 5, 2022**. (Doc. 16 at 3 (emphasis in

8    original)). The original motion was filed by Plaintiff on March 21, 2023. This was over

9    three months after the deadline. The magistrate judge made no error of law when he denied

10   the motion because it was filed after the deadline. Therefore, the magistrate judge's

11   decision here will also be upheld.

12   **IV.    CONCLUSION**

13        Accordingly,

14        **IT IS ORDERED** that Plaintiff Gerald Vaughn Gwen's Motion for Review of

15   Magistrate's Ruling/Order, (Doc. 45), Motion for Review of Magistrate Order/with

16   Objection, (Doc. 51), and Motion for Review of Magistrate Judge's Order, (Doc. 68) are

17   all **DENIED**.

18        Dated this 2nd day of May, 2023.

19

20

21

22                                                James A. Teilborg
                                          Senior United States District Judge
23

24

25

26

27

28